# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN STRAWN, | : | |
| Plaintiff, | : | |
| v. | : | No. 4:18-CV-872 |
| LEBANON COUNTY CORR. FACILITY, *ET AL.*, | : | (Judge Brann) |
| Defendants. | : | |

## ORDER

### JULY 16, 2018

**I.    BACKGROUND**

Stephen Strawn, an inmate presently confined at the State Correctional Institution, Camp Hill, Pennsylvania filed this *pro se* civil rights action. Service of the Original Complaint (Doc. 1) was previously ordered.

Named as Defendants in the Original Complaint are Plaintiff's prior place of confinement, the Lebanon County Correctional Facility and three of its employees. Strawn alleges that prison officials interfered with his right of access to the courts; implemented an unconstitutional dreadlocks policy; failed to protect his safety; and subjected him to unconstitutional conditions of confinement.

Plaintiff has submitted a motion requesting leave to file an amended complaint accompanied by a proposed amended complaint. *See* Doc. 13 & 13-1.

Federal Rule of Civil Procedure 15(a) provides:

> **(a) Amendments Before Trial.**
>   (1) **Amending as a matter of course**.  A party may amend its pleading once as a matter of course within:
>   (A)  21 days after serving it; or
>   (B)  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Based upon an application of Rule 15(a), Plaintiff can file an amended complaint as a matter of course because he did not previously amend his complaint and his motion to amend was timely submitted.  Rule 15(a)(2) additionally provides that "[t]he court should freely give leave when justice so requires."  There is no indication that any of the Defendants have provided written consent to Stafford's proposed submission of an amended complaint.  Furthermore, pro se litigants are afforded liberal treatment, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and *pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile.  *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

Pursuant to the above discussion, Plaintiff's unopposed motion to amend (Doc. 13) will be granted and his proposed Amended Complaint (Doc. 13-1) will be accepted.  Furthermore, the United States Marshal will be directed to serve the

Amended Complaint on the four Additional Defendants, listed in the Amended Complaint, Deputy Warden Clement, Doctor Powers, Counselor Rebecca Davis, and Doctor Yocum.

**AND NOW**, for the reasons set forth herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's unopposed motion (Doc. 13) seeking leave to file an amended complaint is **GRANTED**.

2. The Plaintiff's proposed Amended Complaint (Doc. 13-1) is accepted.

3. The United States Marshal is directed to **SERVE** the Amended Complaint on the Additional Defendants.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge