# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN STRAWN, | No. 4:18-CV-00872 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| LEBANON COUNTY CORRECTIONAL FACILITY, *et al.*, | |
| Defendants. | |

## ORDER

**MARCH 26, 2019**

Stephen Strawn filed a 42 U.S.C. § 1983 complaint—which he later amended—raising numerous, and often ill-defined, claims related to alleged violations of his First, Eighth, and Fourteenth Amendment rights. (Docs. 1, 22). Defendants filed three separate motions to dismiss. (Docs. 27, 38, 39). After Strawn failed to respond to those motions, Magistrate Judge Martin C. Carlson issued an Order directing Strawn to respond to the motions by February 14, 2019; that deadline was subsequently extended to February 22, 2019. (Docs. 52, 55).

On February 25, 2019, Magistrate Judge Carlson issued a Report and Recommendation recommending that this Court grant the motions to dismiss on the grounds that (1) Strawn failed to comply with a court order or respond to the motions to dismiss and (2) Strawn failed to state a claim against any Defendants. (Doc. 56). On February 26, 2019, this Court received Strawn's response to Magistrate Judge

Carlson's Order, although Strawn deposited, and therefore filed,[1] his response prior to the February 22, 2019, deadline. (Doc. 57-1 at 14, 44). Strawn has not filed any objections to the Report and Recommendation.[2]

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error. Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed). Conversely, "[i]f a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)). Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

Because Strawn failed to object to the Report and Recommendation, this Court would ordinarily review the recommendation only for clear error. However,

---

[1] *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (prisoner documents are deemed filed when deposited in prison mail system).

[2] Notably, Strawn's response was docketed as objections to the Report and Recommendation, and Defendants have interpreted the response as objections. (*See* Docs. 58, 59).

2

the parties have interpreted Strawn's response to Magistrate Judge Carlson's Order as objections, which may have led Strawn to draw the conclusion that actual objections were not required. In light of Strawn's pro se status and the muddled timing and procedural aspects of this case, the Court will examine de novo Strawn's underlying claims.[3] Nevertheless, the Court finds no error in Magistrate Judge Carlson's conclusion that Strawn failed to adequately state a claim against Defendants. In that regard, Strawn's complaint is largely conclusory and devoid of facts that would support any of his claims against Defendants, and many Defendants appear to be inappropriately sued based solely on their supervisory status.[4] However, because it is not clear that amendment would be futile, Strawn will be provided an opportunity to again amend his complaint. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 56) is **ADOPTED in part**;

2. Defendants' motions to dismiss (Docs. 27, 38, 39) are **GRANTED**; and

---

[3] Because Strawn timely complied with Magistrate Judge Carlson's Order, dismissal for failure to comply with a court order is not warranted at this time.

[4] The Court is mindful that Strawn alleged additional facts in his opposition to the motions to dismiss. (Doc. 57). However, this Court may "not consider after-the-fact allegations in determining the sufficiency of [a] complaint" under Fed. R. Civ. P. 12(b)(6), and Strawn may not amend his complaint in a response brief. *Frederico v. Home Depot*, 507 F.3d 188, 201 (3d Cir. 2007).

3. Strawn's complaint is **DISMISSED without prejudice**. Strawn shall, within 30 days of the date of this Order, file an amended complaint detailing with specificity his claims against Defendants. Failure to comply will be deemed abandonment this action, and Strawn's complaint will be subject to dismissal with prejudice without further warning.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge