# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN STRAWN, | No. 4:18-CV-00872 |
| Plaintiff, | (Judge Brann) |
| v. | |
| LEBANON COUNTY CORRECTIONAL FACILITY, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### FEBRUARY 4, 2020

Plaintiff Stephen Strawn, a prisoner presently confined at the State Correctional Institution at Rockview in Bellefonte, Pennsylvania, filed a Second Amended Complaint pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, violations of Plaintiff's First, Eighth, and Fourteenth Amendment rights related to his prison conditions and medical treatment while Plaintiff was incarcerated at the Lebanon County Correctional Facility.[1] Presently before the Court are the motions to dismiss filed by Defendant Dr. Yocum,[2] Defendant Dr. Powers,[3] and Defendants Timothy L. Clements, Rebecca Davis, Anthony J. Hauck, Robert Karnes, and Michael L. Ott,[4] which are all ripe for disposition. For the reasons that follow, the Court will grant the motions to dismiss.

---

[1] ECF No. 62.
[2] ECF No. 63.
[3] ECF No. 64.
[4] ECF No. 66.

1

## I. BACKGROUND

Plaintiff alleges that at all times relevant to the amended complaint, he was incarcerated at the Lebanon County Correctional Facility.[5]

According to Plaintiff, Defendants Robert J. Karnes, Timothy L. Clement, Anthony J. Hauck, and Captain of Security Michael L. Ott, violated his First Amendment right against discrimination.[6] Specifically, he alleges that this violation began the week of February 12, 2018, when he was denied recreation in the recreation area while in general population.[7] He was also denied visitation from February 19 through March 22, 2018.[8] He was also placed into the secure housing unit from February 22, 2018, until December 2, 2019, due to a prison policy prohibiting dreadlocks in general population.[9] Plaintiff does not explain which defendant—if any—was responsible for denying him recreation and visitation, and placing him in the secure housing unit.

Plaintiff also alleges that these same defendants violated his Eighth Amendment right against cruel and unusual punishment because Plaintiff has been housed in unconstitutional conditions of confinement.[10] Specifically, he alleges that he had no hot water in his cell, the temperature in his cell was below environmental standards, and the correctional facility lacked a chow hall, which forces Plaintiff and

---

[5] ECF No. 62 at 1.
[6] *Id.* at 2.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.* at 2-3.

other prisoners to eat in their cells.[11] Plaintiff was also denied prison issued items and only received a single sheet, a single jumpsuit, and no pillow.[12] Again, Plaintiff fails to identify how any of the named defendants were involved in his lack of hot water, cell temperature, and lack of a chow hall.

Plaintiff next argues that Defendants Karnes, Hauck, and Counselor Rebecca Davis violated his Fourteenth Amendment right of access to the courts.[13] Specifically, Plaintiff alleges that while housed in the secure housing unit, he was denied access to the law library as well as materials necessary to pursue his legal claims such as access to online legal databases.[14] Plaintiff does not explain how these defendants impeded his access to the courts or were somehow involved in the denial of his access to the law library and other legal materials.

Plaintiff alleges that Defendant Sergeant Fulton, the kitchen steward of the LCCF, and Dr. Yocum, the supervisor of the medical department of LCCF, violated his Eighth Amendment right against cruel and unusual punishment.[15] According to Plaintiff, his meals were served at 3:30 a.m., 12:00 noon, and 4:00 p.m. and lacked sufficient caloric value and nutrition to sustain a healthy weight.[16] In addition, his weight loss went untreated by the medical department.[17] As to this claim, Plaintiff

---

[11] *Id.* at 3.
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.* at 4.
[16] *Id.*
[17] *Id.*

3

does not allege how Dr. Yocum was personally involved in his request for medical treatment as he is only identified as the supervisor of the medical department. Similarly, Plaintiff does not explain how Sergeant Fulton was involved in the provision and planning of his meals; he is merely identified as the kitchen steward.[18]

Plaintiff alleges that Defendant Dr. Powers, the supervisor of psychology, has also violated his Eighth Amendment right against cruel and unusual punishment.[19] Plaintiff states that during bouts of psychosis, Plaintiff's prescribed medication was discontinued when Plaintiff would have preferred to stay on that medication instead of switching to another medication.[20] There is no allegation that Dr. Powers treated Plaintiff or was involved in the decision to change his medication; his only involvement appears to be his position as supervisor of psychology at LCCF.

All defendants have moved to dismiss the claims against them, primarily because Plaintiff has failed to allege their personal involvement in the alleged constitutional violations.

Under this Court's Local Rules, Plaintiff had until May 17, 2019 to file briefs in opposition to the motions.[21] Plaintiff failed to file any brief in opposition to the motions. The Court, therefore, issued Plaintiff a notice that (1) advised him that a failure to oppose the motions would result in the Court deeming the motions

---

[18] The Court notes that Defendant Fulton has not yet been served in this lawsuit.
[19] *Id.* at 5.
[20] *Id.*
[21] *See* Local Rule 7.6; ECF No. 5 (standing order explaining Local Rule 7.6).

unopposed pursuant to Local Rule 7.6, (2) directed Plaintiff to file a brief in opposition to the motions within fourteen (14) days from the date of the Court's order, and (3) notified Plaintiff that a failure to comply with the Court's order and to file a brief in opposition to the motions to dismiss would be deemed a failure to prosecute and comply with a court order, subjecting his complaint to dismissal pursuant to Federal Rule of Civil Procedure 41(b).[22] Despite that order providing Plaintiff with additional time in which to oppose the motions, Plaintiff has failed to file any opposition brief or otherwise communicate with the Court.

## II. STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim.[23] When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations.[24] The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail.[25]

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6)

---

[22] *See* ECF No. 74.
[23] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[24] *See Erickson v. Pardus*, 551 U.S. 89, 94 (per curiam).
[25] *See Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[26] The court need not accept unsupported inferences,[27] nor legal conclusions cast as factual allegations.[28] Legal conclusions without factual support are not entitled to the assumption of truth.[29]

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is plausible on its face."[30] A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[31] The complaint that shows that the pleader is entitled to relief—or put another way, facially plausible—will survive a Rule 12(b)(6) motion.[32]

---

[26] *Twombly*, 550 U.S. at 555 (alteration in original and internal citations omitted).
[27] *Cal. Pub. Employees Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004).
[28] *Twombly*, 550 U.S. at 556.
[29] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).
[30] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).
[31] *Iqbal*, 556 U.S. at 678.
[32] *See* Fed. R. Civ. P. 8(a)(2); *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).

## III. DISCUSSION

The Local Rules provide that any party who fails to file a brief in opposition to a motion to dismiss "shall be deemed not to oppose such motion." *See* Local Rule 7.6. The United States Court of Appeals for the Third Circuit has explained that, "if a party fails to comply with [Local Rule 7.6] after a specific direction to comply from the court," dismissal may be appropriate without analysis of the underlying motion.[33]

Here, the Court has issued a specific direction to Plaintiff to file an opposition to the motions to dismiss and explained to Plaintiff that a failure to do so would result in the motion being deemed unopposed. Plaintiff has been put on notice of Local Rule 7.6 both in the Court's prior order as well as the Court's standing practice order, which was sent to Plaintiff at the commencement of his lawsuit.[34] In light of Plaintiff's repeated failures to oppose the motions to dismiss or to otherwise communicate with the Court, it may be that Plaintiff intends not to oppose them.

Indeed, after reviewing the motions to dismiss, the Court finds good cause for granting them pursuant to Federal Rule of Civil Procedure 12(b)(6), because Plaintiff has failed to allege the personal involvement of any defendant. "A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she

---

[33] *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).
[34] *See* ECF Nos. 5 (standing practice order), 74 (order directing Plaintiff to comply with Local Rule 7.6 and to file opposition briefs to the motions).

7

neither participated in nor approved.'"[35] Supervisory liability cannot be imposed under § 1983 by *respondeat superior*.[36] "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."[37] A plaintiff must show that an official's conduct caused the deprivation of a federally protected right.[38]

Plaintiff makes no allegations of personal involvement sufficient to trigger § 1983 liability against Defendants Timothy L. Clements, Rebecca Davis, Anthony J. Hauck, Robert Karnes, and Michael L. Ott. As the Court has noted *supra*, Plaintiff merely identifies these individuals as defendants who have violated his constitutional rights, but does not allege how each defendant was personally involved in the violation of that right. In order to state a plausible claim for relief that can withstand a Rule 12(b)(6) challenge, Plaintiff must allege facts that demonstrate how each defendant was involved in each violation of his rights. As such, Plaintiff has failed to state a claim upon which relief may be granted as to these Defendants, who must be dismissed from this lawsuit.

Plaintiff's claims against Defendants Dr. Yocum and Dr. Powers fail for similar reasons. As to Defendant Dr. Powers, the Court will grant the motion to dismiss as to the Eighth Amendment medical claim asserted against him because

---

[35] *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).
[36] *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
[37] *Id.* at 677.
[38] *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

there are no allegations that Dr. Powers was personally involved in the decision to change Plaintiff's medications. Plaintiff only identifies Dr. Powers as the supervisor of psychology, but liability under § 1983 cannot be predicated on a theory of *respondeat superior*. The same pleading defects are fatal to Plaintiff's Eighth Amendment claim against Dr. Yocum. Plaintiff fails to include any factual allegation that details Dr. Yocum's personal involvement in Plaintiff's requests for medical treatment for his weight loss; Dr. Yocum is only identified as the supervisor of the medical department. Because Plaintiff has failed to allege how these defendants were personally involved in the alleged violations of his rights, he has failed to state a claim upon which relief may be granted and Defendants Dr. Yocum and Dr. Powers must also be dismissed from this lawsuit.

Generally, "plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile."[39] Because the Court cannot conclude that another opportunity at amendment would be futile, the Court will grant Plaintiff a final opportunity to amend his complaint limited to curing the pleading defects identified in this memorandum opinion.

---

[39] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the motions to dismiss, dismiss the second amended complaint, and grant Plaintiff leave to file an amended complaint.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge